# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-564V
Filed: February 7, 2020
UNPUBLISHED

|  |  |
|---|---|
| SUZANNE DEMITOR,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner<br><br>Attorneys' Fees and Costs; Interim Fees; Attorney Withdrawing |

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for petitioner.
*Kimberly Shubert Davey*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 13, 2020, petitioner's counsel filed a motion for interim attorneys' fees and costs in connection with a contemporaneously-filed motion to withdraw as counsel of record. (ECF No. 43.) A supplemental motion was later filed seeking to recoup petitioner's own litigation expenses. (ECF No. 46.) For the reasons discussed below, petitioner's motions are GRANTED and petitioner is awarded $27,356.44.

### I.   Procedural History

On April 25, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that as a result of her July 8, 2014 tetanus-diphtheria-acellular pertussis ("Tdap") vaccination she suffered a Shoulder Injury Related to Vaccine Administration or "SIRVA," which is an injury listed on the Vaccine Injury Table and therefore, if established, entitled to a presumption of causation.  42. U.S.C. §300aa-14(a) as amended by 42 CFR § 100.3.  Respondent concluded that compensation was not appropriate.  (ECF No. 17.)

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

On July 16, 2019, I held a video fact hearing. Petitioner and her husband testified. (*See* ECF No. 36, Transcript of Proceedings ("Tr"), July 16, 2019.) Subsequently, on October 9, 2019, I issued Findings of Fact and Conclusions of Law. (ECF No. 38.) Based on the record as a whole, I found that there was not preponderant evidence of shoulder pain prior to December 2014, more than five months following petitioner's July 8, 2014 Tdap vaccination that she alleged to have caused her injury. (*Id.* at 12.) I also held that there is not preponderant evidence that petitioner's pain and reduced range of motion are limited to the shoulder in which her vaccine was administered. (*Id.* at 16.)

I further explained that my findings of fact are incompatible with her alleged Table injury of SIRVA and that "petitioner should move for dismissal of this case unless she has a reasonable basis to fie an amended petition asserting a cause-in-fact claim that is supported by medical opinion and consistent with [my] findings of fact." (*Id.*) In response, petitioner expressed an interest in retaining an expert to pursue a cause-in-fact claim; however, she and her counsel developed a disagreement as to the best manner of proceeding and counsel sought to withdraw. (ECF Nos. 40, 44.)

On January 13, 2020, petitioner filed a motion for interim attorneys' fees and costs seeking $28,977.06 in fees and costs incurred by her withdrawing attorneys. On January 14, 2020, petitioner filed a supplemental motion seeking $680.28 in actual expenses she incurred herself. (ECF No. 46.) These costs were related to her travel expenses for the July 16, 2019 fact hearing.

On January 28, 2020, respondent filed a response to petitioner's motions. (ECF No. 47.) Respondent argued that petitioner has not demonstrated the "appropriate circumstances" for an award of interim attorneys' fees and costs under applicable caselaw, but otherwise deferred to me to determine whether there was a reasonable basis for this case and whether the amount of the fees and costs is reasonable. Petitioner filed a reply on February 4, 2020. (ECF No. 49.)

Accordingly, these fee motions are now ripe for resolution.

## II. Good Faith and Reasonable Basis

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). In order to qualify for an award of interim attorneys' fees and costs, the good faith and reasonable basis requirements must be satisfied. (*Id.*)

"Good faith" is a subjective standard. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). "Reasonable basis," however, is an objective standard. Unlike the good faith inquiry, reasonable basis requires more than just petitioner's belief in his claim. *See Turner*, 2007 WL 4410030, at *6. Instead, a reasonable basis analysis "may include an examination of a number of objective factors, such as the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018). Since petitioner's claim was based on a Table injury, the primary factor in assessing the reasonable basis for her claim is its factual basis.

Although I ultimately concluded in my findings of fact that the evidence did not preponderate in favor of findings consistent with petitioner's allegations, *some* of petitioner's medical records did record histories consistent with those allegations. (*See, e.g.* Ex. 4, p. 26; Ex. 3, pp. 1-5.) Moreover, petitioner's medical records included notations acknowledging that petitioner had, in the course of her medical history, indicated to her healthcare provider that she felt certain relevant, contemporaneous records were inaccurate. (Ex. 5, p. 8-9.) Additionally, petitioner did not have consistent access to health insurance, which mitigated the significance of a period in which she delayed seeking treatment for her alleged injury. (ECF No. 38, p. 15.) Accordingly, both I and the previously-assigned special master concluded that a fact hearing was necessary to resolve this case. (ECF Nos.22, 26.) After that hearing, I found petitioner's testimony to be credible in terms of its sincerity, but not sufficiently reliable to overcome competing, contemporaneous medical records. (ECF No. 38, p. 14.)

In any event, respondent has opted not to challenge petitioner's good faith and reasonable basis for filing this claim. (ECF No. 47, p. 5.) Thus, for all these reasons, I find that there was both good faith and a reasonable basis to pursue this case through the conclusion of the fact hearing and the issuance of my findings of fact resolving the disputed facts.[2]

### III.    An Award of Interim Attorneys' Fees and Costs is Appropriate

Stressing the absence of any prevailing party requirement under the Vaccine Act, the Federal Circuit has held in *Avera v. Secretary of Health & Human Services* that interim awards for attorneys' fees and costs are appropriate under the Vaccine Act. 515 F.3d at 1352 (citing §300aa-15(e)(1)). Nonetheless, the Circuit denied an interim award in *Avera*, because the appellants had not suffered "undue hardship." (*Id.*) The Circuit noted that interim awards are "particularly appropriate in cases where proceedings are protracted and costly experts must be retained." (*Id.*) Subsequently, in *Shaw v.*

---

[2] Additionally, some attorney time following the issuance of the finding of fact would be reasonable to wind down the case; ultimately, however, in this case that resulted instead in counsel withdrawing from the case.

*Secretary of Health & Human Services*, the Federal Circuit reiterated its *Avera* standard, noting that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d 1372, 1375 (Fed. Cir. 2010).

Although noting that an award of interim attorneys' fees and costs is within the "reasonable discretion" of the special master, decisions of the Court of Federal Claims subsequently emphasized the Federal Circuit's "undue hardship" language and cautioned that the *Avera* decision did not create a presumption in favor of interim fees and costs in all cases.  *See, e.g. Shaw v. Sec'y of Health & Human Servs.*, 110 Fed. Cl. 420, 423 (2013).  Nonetheless, it has also been noted that "the Federal Circuit in *Avera* and *Shaw* did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees." *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012).

Relying largely on *McKellar v. Secretary of Health and Human Services*, 101 Fed. Cl. 297 (2011), respondent argues that petitioner has not identified any special showing to justify an award of interim attorneys' fees and costs.[3]  (ECF No. 47, p. 2.)  In *McKellar,* the Court expressed the view that "the mere fact that an attorney plans to withdraw is not *necessarily* a hardship that triggers an award of interim fees and costs." *McKellar*, 101 Fed. Cl. at 302 (emphasis added).

In the above-cited *Woods* decision, however, the Court observed that withdrawal should be an important, if not deciding, factor in determining the appropriateness of an interim fee award.  Specifically, "there is no reason to force counsel, who have ended their representation, to delay receiving fees indefinitely until the matter is ultimately resolved.  The special master articulated a valid concern that it was 'unknowable' whether the case would be settled, or extensively litigated to the point of determining damages.  The special master reasonably concluded that delaying a fee award to counsel who had ended their representation for an indeterminable time until the case was resolved sufficed to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154.

Following *Woods*, special masters have previously observed that "after withdrawing from a case, it may be difficult for former counsel to receive a fees award, and, in such circumstances, special masters have often found it reasonable to make such interim awards. *See, e.g. Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963 (Fed. Cl. Spec. Mstr. Feb. 4, 2013).  Moreover, consistent with *Avera*, this case has been protracted relative to its complexity. Filed in early 2017 and initially assigned to the Special Processing Unit for potential informal resolution, the case was reassigned to Special Master Millman in December of that year.  (ECF Nos. 1, 20.)  However, due to her anticipated retirement, no fact hearing was scheduled in the case

---

[3] Respondent also cited *Bigbee v. Sec'y of Health and Human Servs.*, 2012 WL 1238484 (Fed. Cl. Spec. Mstr. Mar. 23, 2012); *Heinzelman v. Sec'y of Health and Human Servs.*, 2012 WL 1119389 (Fed. Cl. Spec. Mstr. Mar. 13, 2012); and *Stone v. Sec'y of Health and Human Servs.*, 2011 WL 7068955 (Fed. Cl. Spec. Mstr. Nov. 14, 2011). Each of these are specific circumstances in which a special master concluded that an award of interim fees and costs by the same counsel as in this case was not appropriate under the standard set by *Avera*. However, unlike *McKellar*, these decisions did not specifically address the circumstance of a withdrawing counsel.

until it was reassigned to me in June of 2019. (ECF Nos. 22-26.) Additionally, the current posture of this case, which includes findings of fact, but as of yet no ruling as to entitlement, leaves the ultimate time to resolution unknowable and out of counsel's control. Currently, petitioner has not articulated what, if any, basis she will have to proceed with her anticipated cause-in-fact claim. For all these reasons, I conclude that an award of interim fees and costs to departing counsel is appropriate in this case.

## IV.     Reasonable Attorneys' Fees and Costs

I have reviewed the billing records submitted with petitioner's request. Petitioner's request is consistent in large part with previously-awarded rates with some limited exceptions. Petitioner's counsel has previously been awarded the following relevant hourly rates:

|                  | **2015** | **2016** | **2017** | **2018** | **2019** |
|------------------|----------|----------|----------|----------|----------|
| Richard Gage     | $300     | $311     | $318     | $326     | $338     |
| Kristen Blume    |          | $251     | $251     | $251     | $251     |
| Donald Gerstein  | $251     | $251     |          |          |          |
| Kristen Rieman   |          |          | $150     |          |          |
| Paralegals       | $120     | $120     | $120     | $120     | $120     |

*See, e.g. Martin v. Sec'y of Health & Human Servs.*, No. 13-486V, 2019 WL 2173794, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 23, 2019); *see also Desai v. Sec'y of Health & Human Servs.*, No. 14-811V, 2018 WL 6819551 (Fed. Cl. Spec. Mstr. Nov. 27, 2018); *Hendrickson v. Sec'y of Health & Human Servs.*, No. 15-812V, 2018 WL 6822351 (Fed. Cl. Spec. Mstr. Nov. 26, 2018); *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2017 WL 1718783 (Fed. Cl. Spec. Mstr. Apr. 5, 2017). In support of her motion, petitioner cited approvingly to the *Martin* decision, *supra*, in particular. (ECF No. 43-1, p. 1.) For all the reasons discussed in these prior, well-reasoned, decisions, and upon my review of the instant billing records and in consideration of the facts and circumstances of this case, I find all of the above rates to be reasonable and will award attorneys' fees and costs consistent with those rates.

Additionally, however, the billing records in this case also reflect time billed by Mr. Gage in 2020, which has not been previously considered. For these hours, he requests an hourly rate of $350. I find that this rate is reasonable.[4]

---

[4] Notably, petitioner suggested that this increase is reasonable in light of the annual rate of increase of 3.7% referenced in the prior decision *of McCulloch v. Secretary of Health & Human Services*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Although the rate ultimately requested is reasonable in light of all of the relevant circumstances, including not only inflation but also overall attorney experience, work product, and standing in the relevant legal community, I reject petitioner's specific line of reasoning for several reasons. First, the *McCulloch* decision itself addressed forum rates which are not at issue in this case. Second, the 3.7% figure cited in *McCulloch* was derived from a 2013 "Real Rate Report" or "RRR" review of attorney rates in New England. Petitioner has provided no indication this rate has any relevance to attorneys practicing in Wyoming in 2019 or 2020. Third, although the RRR was considered as one piece of data in the determination of rates in *McCulloch*, it was not necessarily decisive. And, finally, as reflected in numerous decisions and in the OSM Attorneys' Forum Hourly Rate

5

Petitioner also argues that, beginning with work performed in calendar year 2019, Ms. Blume should be compensated at a rate matching Mr. Gage.  (ECF No. 43-1, pp. 2-4.)  Petitioner notes that the above rate for Ms. Blume was set by prior decisions that determined that Ms. Blume's rate should be comparable to another attorney at the Gage firm, Donald Gerstein.  (*Id.* at 2 (citing *Auch*, 2017 WL 1718783, at *3).)  However, petitioner stresses that whereas Mr. Gerstein is a part-time independent contractor, Ms. Blume became a partner with the Gage firm beginning January 1, 2019, and is now working full-time in the field of vaccine litigation.  (*Id.* at 2-3.)

Whether addressing forum or local rates, attorney rates in this program represent prevailing rates "for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Avera*, 515 F.3d at 1348 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984).)  Accordingly, among the factors commonly considered in setting hourly rates for specific attorneys are not only general legal experience, but also "the experience of the attorneys in the Vaccine Program," the "quality of work performed in vaccine cases," and "reputation in the legal community and community at large."  *McCulloch,* 2015 WL 5634323, at *17.

Although Ms. Blume's increasing level of experience in this program will be a relevant factor in successive years, on the current record, petitioner has not substantiated that Ms. Blume is entitled to an hourly rate comparable to Mr. Gage based on the above factors.  Although Ms. Blume has 27 years of legal experience, petitioner acknowledges that she has only been practicing within this program since 2016 and that initially she worked only as an independent contractor and not a full-time firm employee.  (ECF No. 43-1, pp. 2-3.)  By contrast, Mr. Gage has been representing petitioners in his program for decades. Moreover, retroactive rate increases are disfavored.  *See, e.g. Ramirez v. Sec'y of Health & Human Servs.*, No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rate previously awarded to him.").  In *Martin*, Ms. Blume previously requested a rate of $251 for work performed through 2019.  2019 WL 2173794, at *3.  (In this case, she did not bill any hours in 2020.)

Petitioner represents that the higher rates requested by Ms. Blume were previously accepted in *Oberheim v. Secretary of Health & Human Services*, No. 17-725 Slip Op. (Fed. Cl. Spec. Mstr. Jan. 10, 2020); however, I am not bound by that decision. *E.g. Hanlon v. Sec'y of Health & Human Servs.*, 40 Fed Cl. 625, 630 (1998). Moreover, that decision contained no explanation regarding the reasonableness of the requested rates.  Thus, without more, it is not persuasive on that point.

---

Fee Schedule, current forum rates based on the *McCulloch* framework are updated for inflation by reference to the Producer Price Index for Offices of Lawyers ("PPI-OL") and not by the RRR.

Accordingly, for all the reasons above, attorneys' fees and costs are calculated using the following hourly rates:

|                  | **2015** | **2016** | **2017** | **2018** | **2019** | **2020** |
|------------------|----------|----------|----------|----------|----------|----------|
| Richard Gage     | $300     | $311     | $318     | $326     | $338     | $350     |
| Kristen Blume    |          | $251     | $251     |          | $251     |          |
| Donald Gerstein  |          |          | $251     |          |          |          |
| Kristen Rieman   |          |          |          | $150     |          |          |
| Paralegals       | $120     | $120     | $120     | $120     | $120     | $120     |

In this case, Ms. Blume billed 39.3 hours at her full rate and 10 hours of travel time at half rate. (ECF No. 41, pp. 32-33.) Accordingly, based on a rate of $251 per hour, she accrued $12,374.30 in attorney's fees in this case, including $9,864.3 in fees at her full rate and $2,510 at her travel rate. This represents a reduction of $2,300.90 from her request of $14,675.20.

The total amount requested for attorneys' fees and costs otherwise appears reasonable. A special master need not engage in a line-by-line analysis of petitioner's fee application when assessing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*¸ 988 F.2d 131 (Fed. Cir. 1993).

### V.    Petitioner's Supplemental Motion

I have also reviewed petitioner's supplemental motion reflecting additional expenses incurred by petitioner herself. (ECF No. 46.) The request includes mileage reimbursement and lodging related to the fact hearing, which was held in Portland, Oregon, a significant distance from petitioner's home in Walla Walla, Washington. I find this request to be reasonable and sufficiently documented. *See, e.g. Cunningham v. Sec'y of Health & Human Servs.*, No. 13-483V, 2017 WL 4323145, at *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2017) (awarding reimbursement of petitioner's own hearing-related travel expenses).

### VI.    Conclusion

**Accordingly, I award the total of $27,356.44[5] as follows:**

- **A lump sum of $26,676.16, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Richard Gage, Esq.; and**

---

[5] This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

7

- **A lump sum of $680.28, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.