REISSUED FOR PUBLICATION
JAN 12 2021
OSM
U.S.COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-564V
Filed: December 4, 2020
UNPUBLISHED

| | |
|---|---|
| SUZANNE DEMITOR,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner<br><br>Motion to Redact; Vaccine Rule 18(b); Vaccine Act Section 12(d)(4) |

*Suzanne Demitor*, Walla Walla, WA, pro se.
*Kimberly Shubert Davey*, U.S. Department of Justice, Washington, DC, for respondent.

### Order on Motion to Redact[1]

On April 25, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012).  A decision dismissing petitioner's claim was issued October 9, 2020, and judgment later entered on November 19, 2020, following the denial of a motion for review.  On October 27, 2020, petitioner filed a motion to redact the October 9, 2020 decision dismissing her claim.  (ECF No. 72.)   No response was filed. In her motion, petitioner stated in full:

> The Petitioner requests that the recent decision of the Special Master be redacted from public record, and not published for privacy reasons. In the alternative, if the decision is to be published, that the Petitioner's name and personal information be redacted and not appear in the public record.

Vaccine Rule 18(b) provides a 14-day period for redaction.  Vaccine Rule 18(b) effectuates the opportunity for objection contemplated by Section 12(d)(4) of the

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

Vaccine Act, which provides in relevant part that "[a] decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information . . . (ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy, and if the person who submitted such information objects to such information in the decision, the decision shall be disclosed without such information. 42 U.S.C. § 300aa-12(d)(4)(B).

The U.S. Court of Appeals for the Federal Circuit has not had occasion to interpret this section of the Vaccine Act. However, two competing methods of interpretation have been endorsed by different decisions in the lower courts, one focusing on common law traditions regarding public access (*Langland*) and one based on comparison to the Freedom of Information Act (*W.C.*). *See Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011); *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011). The question of redaction is left to the discretion of the special master and special masters do not abuse their discretion by denying unsubstantiated motions for redaction. *K.L. v. Sec'y of Health & Human Servs.*,123 Fed. Cl. 497, 507-09 (2015).

In this case, petitioner's motion is untimely under Vaccine Rule 18(b). Nonetheless, petitioner did file her motion in advance of any publication of the decision at issue. However, a prior fact ruling containing substantially the same medical information has already been published in unredacted form.[2] Accordingly, even if timely and even if granted, petitioner's motion would be unlikely to meaningfully preserve her privacy. In any event, I stress that petitioner's motion is patently insufficient to warrant any substantive redaction. Only clearly unwarranted invasions of privacy support an objection to disclosure. Notwithstanding her general desire for privacy, petitioner put her medical history at issue by filing her claim and *Langland* explains at length why common law traditions, and the Vaccine Act itself, favor public disclosure of the resulting decision in the ordinary course.

In light of the above, petitioner's motion to redact the October 9, 2020 decision dismissing this case is **DENIED. Absent a timely motion for review of this order, I intend to publicly post the decision without further opportunity to request redaction**.

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] The finding of fact was re-issued for public release on November 4, 2019, some 26 days following its initial issuance. (ECF Nos. 38-39.)  No motion for redaction was ever filed; however, in July of 2020, petitioner contacted my chambers via e-mail, indicating that she had located the decision online and requesting that it be removed. (ECF No. 62.)  At that time, I advised petitioner that the fact finding explained the redaction process, including the 14-day period for such requests, and that it was publicly posted because no motion to redact was ever filed.